```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

4 C'S LAND CORPORATION,                    CIVIL ACTION
JIMMY CANTRELLE LAND
COMPANY, L.L.C., AND
JAMES CANTRELLE AND                        NO: 13-5532
LEONA CANTTELLE

VERSUS

COLUMBIA GULF TRANSMISSION                 SECTION: "B"(1)
COMPANY AND INDUSTRIAL
HELICOPTERS, L.L.C.
```

## ORDER AND REASONS

Plaintiffs, 4 C's Land Corporation, Jimmy Cantrelle Land Company, L.L.C., James Cantrelle, and Leona Cantrelle (collectively "Plaintiffs") filed suit in state court against Defendants, Columbia Gulf Transmission Company ("Columbia") and Industrial Helicopters, L.L.C. ("Industrial") alleging trespass and breach of certain servitude agreements. Defendants removed the case to this Court. Plaintiffs now seek remand.

Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 35) is **GRANTED** and the instant case is **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

**Facts of the Case**

Plaintiffs own several tracts of land adjacent to one another. The tracts are burdened by contractual servitudes in favor of Columbia, who maintains a pipeline that passes through

1

the property. The servitudes allow Columbia license to operate a section of pipeline on Plaintiffs' property, as well as permission for Columbia's employees to enter the land and maintain the pipeline.

According to Plaintiffs, in July 2012 Industrial, at the direction of Columbia, flew over Plaintiffs' tracts of land and sprayed herbicidal chemicals from an aircraft — killing vegetation both inside and outside of the land subject to the contractual servitudes. Plaintiffs filed suit for trespass and breach of the servitudes in state court.

Columbia removed to this Court.[1] It claims federal question jurisdiction, pointing to a regulation issued by the Federal Energy Regulatory Commission ("FERC"). Columbia claims the regulation permits the type of chemical maintenance along pipelines done here. In the instant motion, Plaintiffs seek remand to state court — arguing no federal jurisdiction exists.

**Law and Analysis**

**I. Remand Standard**

Federal Courts are courts of limited jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A defendant may remove a civil action pending in state court only where a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

---

[1] The second defendant, Industrial, has not filed anything on the removal issue. Columbia represents that Industrial consented to the initial notice of removal. (Rec. Doc. No. 1 at ¶ 56).

Once removal jurisdiction is challenged, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Any ambiguities are construed against removal, and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

Where federal question jurisdiction is claimed, the Court looks to the plaintiff's "well-pleaded complaint" to determine whether a federal controversy exists. This analysis "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The rule places the plaintiff in control of whether a case can be removed by not allowing a defendant to base removal on a federal claim the plaintiff *could have* brought or a federal defense the defendant intends to raise. As the Supreme Court has recognized, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

That being said, two circumstances may provide for federal jurisdiction, even where not pled: (1) complete preemption of state law; and (2) substantial federal questions imbedded in state causes of action.

Federal preemption of state law does not automatically warrant federal jurisdiction. Rather, federal preemption is generally a federal defense. As such "it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The one exception is where Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-64. In that circumstance, federal jurisdiction may be appropriate even if no federal cause of action is pled by the plaintiff.

The second instance where federal jurisdiction may be proper where not pled is where a substantial federal question is imbedded in a state law claim. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). In such a circumstance, federal question jurisdiction exists where:

> (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

*Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) The Supreme Court has warned that the category of cases that meet this test are "slim", counseling against federal jurisdiction in most circumstances. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

**II. Analysis**

Columbia argues that both preemption and the presence of a substantial federal issue make this case subject to federal jurisdiction.

The preemption argument is easily dismissed. Columbia points to 49 U.S.C. § 60104(c)[2] which states "[a] State authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation." This provision only preempts state pipeline safety standards, and does not evidence Congressional intent to preempt the entire field of pipeline regulation. *Texas Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 210 (5th Cir. 2010).[3] Accordingly, since complete preemption is not present it is not a basis for federal jurisdiction. *Metro. Life* at 63-64.[4]

Moving to the substantial federal issue analysis, the Court similarly holds it cannot support federal jurisdiction.

---

[2] Erroneously listed in Columbia's opposition as 49 U.S.C. § 60102(c).

[3] Columbia points to various other federal provisions that, although they do not reference preemption of state law, Columbia claims they contain such pervasive federal regulations as to make any claim inherently federal. This argument lacks merit. Many of the provisions cited by Columbia have no relevance to the instant case, and moreover the holding in *Texas Midstream* evidences that Congress has not preempted every regulation that may touch upon pipeline upkeep.

[4] The lack of federal preemption also makes inapplicable the "artful pleading" doctrine cited by Columbia. *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 *opinion withdrawn and superseded on other grounds on reh'g sub nom. Waste Control Specialists v. Envirocare of Texas, Inc.*, 207 F.3d 225 (5th Cir. 2000).

Specifically, after reviewing the relevant factors the Court finds that the federal issue in this case is not substantial, and granting federal jurisdiction would disturb the balance of federal and state judicial responsibilities.

The federal issue required to be decided in this litigation is of minor significance. Indeed, to even reach the federal issue involved one must unpack Plaintiffs' claims and resolve certain factual disputes in Defendants' favor.

Columbia's theory for federal jurisdiction is as follows. Plaintiffs have brought only state law claims for trespass and breach of servitudes. But under the trespass claim, Plaintiffs must prove an "unlawful physical invasion of the property or possession of another." *Bourquard v. L.O. Ausauma Enterprises, Inc.*, 52 So. 3d 248, 251 (La. Ct. App. 2010). In order to prove the "unlawful" element of their prima facie case, it must be determined whether Defendants acted with lawful authority for their actions. Columbia claims that their actions were authorized by federal regulations issued by FERC. Columbia points to 18 C.F.R. § 380.15(f) which states:

> (f) Right-of-way maintenance.
> (1) Vegetation covers established on a right-of-way should be properly maintained . . .
> (3) Chemical control of vegetation should not be used unless authorized by the landowner or land-managing agency. When chemicals are used for control of vegetation, they

>should be approved by EPA for such use and used in
>conformance with all applicable regulations.[5]

Columbia contends that it obtained the necessary authorization under subsection (3) to use chemical treatment on Plaintiffs' property. Specifically, Columbia states it received authorization from a FERC staff member to use an "opt-out" procedure whereby it would send letters to persons along the pipeline notifying them of the intent to spray herbicides unless the residents raise an objection by a specific date. (Rec. Doc. No. 1 at 6). Columbia sent such letters to Plaintiffs and, after receiving no objection, sprayed their land with herbicide.

It should be apparent that the actual federal law involved is quite diluted by the factual questions in the case. To summarize, the federal issue is limited to a possible exception to one federal regulation, which represents one element of one of the causes of actions alleged. That is if the federal issue even becomes relevant. As a preliminary matter, the court will have to determine if Columbia in fact received authorization from FERC to utilize the opt-out procedure not identified in the regulation — a fact not obvious from the existing record. The only evidence Columbia has provided to substantiate FERC's approval is a letter *sent by Columbia* to FERC notifying FERC

---

[5] The regulation was enacted by FERC pursuant to their authority under the National Environmental Policy Act (NEPA). *Piedmont Envtl. Council v. F.E.R.C.*, 558 F.3d 304, 318 (4th Cir. 2009).

that Columbia intended to use the opt-out procedure, and noting that a FERC staff member in a prior conversation indicated that was "an acceptable method of obtaining landowner authorization." (Rec. Doc. No. 1-3). Thus, the initial question for the court in reviewing the lawfulness of Columbia's actions will not be interpretation of federal law, but rather a question of fact, i.e. whether FERC actually authorized the procedure. That determination is not one that requires "'resort to the experience, solicitude, and hope of uniformity that a federal forum offers.'" *Singh*, 538 F.3d at 339 (quoting *Grable & Sons*, 545 U.S. at 312.

Even if the federal issue requires resolution, it is still not substantial. The question involved at most would affect interpretation of one federal regulation.[6] The regulation does not directly concern pipeline safety or construction – which are FERC's primary regulatory areas. *See* FERC, "Gas Pipelines" (Apr. 2, 2014), https://www.ferc.gov/industries/gas/indus-act/pipelines.asp ("Under section 7 of the Natural Gas Act, the

---

[6] At various points in their Notice of Removal and Opposition to Motion to Remand, Columbia additionally points to various provisions of three federal statutes – the Natural Gas Act (NGA), the Pipeline Safety Act (PSA), and the Natural Environmental Policy Act (NEPA) – as containing further regulations applicable to pipeline operators. However, Columbia has failed to provide evidence that these statutes are applicable to the instant case, since they contain no provisions regarding the control of vegetation on pipeline right of ways. The Court finds that the only federal provision potentially at issue is the one contained in 18 C.F.R. § 380.15(f), and therefore concludes that the other statutes cited by Columbia do not provide a basis for federal jurisdiction.

Commission reviews applications for the construction and operation of natural gas pipelines."). Rather, the regulation at issue concerns only a narrow subset of FERC's authority – right of way maintenance. This is not an area that requires federal experience or uniformity. A decision by a state court is not likely to disturb federal regulatory authority, or cause disruption by the lack of a federal resolution.[7]

Further, if the Court were to permit federal jurisdiction, the result would disturb the balance of federal and state judicial power. The cause of action advanced by Plaintiffs is based in property – an area of law traditionally dominated by state control. *See In re Davis*, 170 F.3d 475, 481 (5th Cir. 1999)(recognizing property law as one of the areas of law "traditionally reserved to the states"). Allowing state property disputes to become federal cases because one federal regulation may need interpretation has the potential to drive a substantial number of cases into federal court. Unlike the "microscopic effect on the federal-state division of labor" approved by the

---

[7] Columbia points the Court to *Drawhorn v. Qwest Commc'ns Int'l, Inc.*, 121 F. Supp. 2d 554 (E.D. Tex. 2000). There the Eastern District of Texas found removal proper where state law claims required interpretation of federal statutes regarding railroad rights of way. However, *Drawhorn* predates much of the case law recited above – namely *Grable & Sons* and *Singh*. Indeed, the *Drawhorn* court stated "there is not a set standard for determining whether a claim involves a federal question." *Id*. at 558-59. That is no longer true post-*Grable & Sons* and *Singh*, wherein the Supreme Court and the Fifth Circuit list specific standards and factors for the court to consider when determining if a federal question exists. Thus, the Court does not rely on the conclusions reached in *Drawhorn* here.

9

Supreme Court in *Grable & Sons*, the effect of federal jurisdiction here would be far more extensive. 545 U.S. at 315.

The Sixth Circuit's holding in *Columbia Gas Transmission, LLC v. Singh*, 707 F.3d 583, 587 (6th Cir. 2013) confirms that federal jurisdiction is lacking. There, in a case that similarly dealt with pipeline right-of-ways, the court found no substantial federal issue present. The court concluded:

> While there is a federal interest in the safe transmission of natural gas, the scope of easements is a typical state-law property issue and there is no allegation that [state courts] are not enforcing the property rights of natural gas companies or are otherwise impeding the safe transmission of natural gas in a way that would call for a federal forum for nondiverse parties.

*Id*. at 590

The court went on to find that "allowing for federal jurisdiction over nondiverse disputes related to pipeline rights-of-way could disrupt the congressionally approved balance of federal and state judicial responsibilities" due to the substantial number of pipeline-easements throughout the country. *Id*. at 590-91. The Court finds the Sixth Circuit's reasoning persuasive, and further evidence that federal jurisdiction here is improper. *See also Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cnty.*, 366 U.S. 656, 663 (1961) ("The rights as asserted by [plaintiff's] are traditional common-law claims. They do not lose their character because it

10

is common knowledge that there exists a scheme of federal regulation of interstate transmission of natural gas.").

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 35) is **GRANTED** and the instant case is **REMANDED** to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana.

New Orleans, Louisiana, this 12th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE